[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14553
Non-Argument Calendar
_____

D.C. Docket No. 3:16-cr-00172-HES-PDB-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEORGE JENKINS,
a.k.a. Wiggy,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 12, 2018)

Before TJOFLAT, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

George Jenkins appeals his total sentence of 144 months' imprisonment, imposed after pleading guilty to 1 count of conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846, 1 count of distributing and aiding and abetting in the distribution of 5 grams or more of methamphetamine, in violation of § 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2, and 1 count of possession with intent to distribute 50 grams or more of methamphetamine, in violation of § 841(a)(1), (b)(1)(A).  On appeal, Jenkins argues that the district court clearly erred by denying his request for a minor-role reduction, pursuant to U.S.S.G. § 3B1.2(b), because the court failed to consider the factual circumstances of Jenkins's offense.  Second, he argues that his sentence is substantively unreasonable because his criminal history category overrepresented the seriousness of his criminal history, he was essentially a first-time offender, the policies underlying the Sentencing Guidelines are flawed, and his difficult upbringing, resulting emotional issues, and intellectual difficulties supported a downward variance.

I.

The sentencing court's determination of whether a defendant served a minor role in the offense is reviewed for clear error.  *United States v. Rodriguez De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (*en banc*).  We will only reverse if a review of the record leaves us "with the definite and firm conviction that a mistake

2

has been committed." *United States v. White*, 335 F.3d 1314, 1319 (11th Cir. 2003). A sentencing court has considerable discretion in making the fact-intensive minor-role determination, and its choice between two permissible views of the evidence cannot be clear error. *Rodriguez De Varon*, 175 F.3d at 945. The defendant bears the burden of proving his minor role by a preponderance of the evidence. *Id.* at 939.

A defendant serves a minor role in the offense if he is less culpable than most other participants in the criminal activity. U.S.S.G. § 3B1.2, cmt. (n.5). To be eligible for a § 3B1.2(b) minor-role reduction, the defendant must establish that he is "substantially less culpable than the average participant." *Id*. cmt. (n.3(A)). When evaluating a defendant's role in the offense, the district court must consider the totality of the circumstances, taking into account the nature and extent of the defendant's participation and the degree to which the defendant understood the scope and structure of the criminal activity, participated in planning or organizing the criminal activity, exercised decision-making authority or influenced the exercise of decision-making authority, and stood to benefit from the criminal activity. *Id*. cmt. (n.3(C)). The court must also assess the defendant's role in the conspiracy, and his role as compared to other participants. *Rodriguez De Varon*, 175 F.3d at 940, 944. In ultimately deciding the defendant's role in the offense, the sentencing court need not make any specific subsidiary factual findings. *Id.* at

3

939 (explaining that, as long as the record supports the district court's decision and the court clearly resolves disputed factual issues, the court may simply state its conclusion).

Here, contrary to Jenkins's assertion, because he did not dispute any factual issues, the district court was not required to resolve any factual issues prior to determining his role in the offense, and its simple statement of its conclusion was sufficient. Further, the district court did not clearly err by denying Jenkins's request for a minor-role reduction, as Jenkins worked with his mother and brother to supply drugs to lower-level distributors, took part in drug trips and transactions, was responsible for greater than 1.5 kilograms of methamphetamine, and filled in for his brother to maintain the conspiracy while his brother was incarcerated, demonstrating that he was significantly involved in the conspiracy. U.S.S.G. § 3B1.2, cmt. (n.3(C)). Jenkins attended meetings to discuss and plan distribution, demonstrating that he understood the scope and structure of the criminal activity and was active in planning and decision-making. Jenkins has failed to point to any circumstances that the court neglected to consider, and his contention that the court applied a *per se* rule preventing the application of a minor-role reduction in any drug-trafficking conspiracy case is belied by the record.

4

II.

We review the reasonableness of a sentence under the deferential abuse-of-discretion standard. *United States v. Irey*, 612 F.3d 1160, 1188-89 (11th Cir. 2010) (*en banc*). We will affirm any sentence that falls within the range of reasonable sentences, even if we would have decided that a different sentence was more appropriate. *Id.* at 1191. The party who challenges the sentence bears the burden to show that the sentence is unreasonable in light of the record and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

We evaluate the reasonableness of a sentence by considering the totality of the circumstances. *Id.* The district court must impose a sentence sufficient, but not greater than necessary, to comply with the purposes listed in § 3553(a), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from the defendant's future criminal conduct, provide the defendant with needed educational and vocational training, and avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a)(2), (6). The court must also consider the nature and circumstances of the offense, and the history and characteristics of the defendant. *Id.* § 3553(a)(1).

The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *United States v. Langston*, 590 F.3d 1226, 1237

(11th Cir. 2009).  We will only remand for resentencing when "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotation marks omitted).  However, a court can abuse its discretion when it (1) unjustifiably relies on any one factor, (2) selects the sentence arbitrarily, (3) bases the sentence on impermissible factors, or (4) fails to consider relevant factors.  *Id.* at 1191-92.

"A sentence imposed well below the statutory maximum penalty is an indicator of a reasonable sentence." *United States v. Dougherty*, 754 F.3d 1353, 1362 (11th Cir. 2014).  Although we will not presume that a sentence within the guideline range is reasonable, we ordinarily expect such a sentence to be reasonable.  *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

Here, the district court did not abuse its discretion by imposing a total 144-month, below-guideline sentence, as the court's sentence was based on a reasonable balance of relevant sentencing factors.  First, the district court's total 144-month sentence was below the applicable guideline range of 168 to 210 months' imprisonment and well below the statutory maximum sentence of life imprisonment, both indicators of its reasonableness.  *Dougherty*, 754 F.3d at 1362; *Hunt*, 526 F.3d at 746.  Additionally, the court agreed with Jenkins's argument that

6

his criminal history category overrepresented the seriousness of his prior offenses, but determined that to vary downward any further would be unfair, considering that one of Jenkins's co-conspirators, who was less culpable and had cooperated with the government, had already been sentenced to 120 months' imprisonment. The record belies Jenkins's assertion that he is essentially a first-time offender and is unlikely to reoffend, as he has two drug-possession convictions and was arrested a number of times for drug trafficking prior to and during his participation in the drug-trafficking conspiracy, and yet continued to participate. The court considered Jenkins's difficult upbringing, resulting emotional issues, intellectual difficulties, and his policy arguments against the Sentencing Guidelines, and was within its discretion not to vary downward further based on those factors. Accordingly, Jenkins has failed to show that the district court abused its discretion in imposing a 144-month sentence.

**AFFIRMED.**